UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHERRY L. HOTAIN,

    Plaintiff,                                                 Case No. 3:17-cv-144

vs.

COMMISSIONER OF                           District Judge Thomas M. Rose
SOCIAL SECURITY,                            Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 11), the administrative record (doc. 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

A.  **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of October 7, 2013. PageID 269-75. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, affective disorder, anxiety, fibromyalgia, bilateral cubital tunnel syndrome, right carpal tunnel syndrome, and recurrent arrhythmia. PageID 71.

After an initial denial of her applications, Plaintiff received a hearing before ALJ Benjamin Chaykin on February 23, 2016. PageID 96-133. The ALJ issued a decision on March 22, 2016 finding Plaintiff not disabled. PageID 69-85. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 75-84.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 48-50. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 69-85), Plaintiff's Statement of Errors (doc. 11), and the Commissioner's memorandum in opposition

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

(doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing medical opinion evidence, namely, opinions from her treating neurologist Vadak Ranganathan, M.D., treating psychiatrist Sunita Agarwal, M.D. and treating therapist Kathleen E. Erwin, MEd, LSW, LPCC, as well as opinions from record reviews Abraham Mikalov, M.D. and Steve E. McKee, M.D.; and (2) playing doctor. Doc. 11 at PageID 1538-45.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform a significant number of jobs in the national economy.

**A.    Medical Opinion Evidence**

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability;

6

and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

### 1. Dr. Ranganathan

In this case, treating neurologist Dr. Ranganathan opined on August 5, 2014 that Plaintiff is "completely [and] totally disabled due to [Plaintiff] not [being] able to perform her [activities of daily living] without getting tired and [experiencing pain]." PageID 984. After declining to give Dr. Ranganathan's opinion controlling or deferential weight, the ALJ gave "little weight" to his opinion. PageID 82. The ALJ reasonably found that, "although [Plaintiff] has reported diffuse pain and fatigue, her physical examinations regularly noted normal gait, strength, and sensation." *Id*.; PageID 723-24, 984, 1404, 1453.

With regard to Dr. Ranganathan's opinion that Plaintiff was "completely [and] totally disabled," the ALJ properly weighed the opinion and provided a meaningful explanation for not relying on it. PageID 82. A medical source's opinion -- including the opinion of a treating medical source -- that a Plaintiff is disabled is an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 404.1527(d). While such an opinion must be considered, *see* SSR 96-5p, 1996 WL 374183, at *2-3 (1996), the ALJ did so in this case. *See id.* Thus, the ALJ followed the proper regulatory procedures in considering Dr. Ranganathan's opinion stating Plaintiff was "completely [and] totally disabled," and his conclusion concerning such opinion is supported by substantial evidence.

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating

7

## 2. Dr. Agarwal and Ms. Erwin

Dr. Agarwal, Plaintiff's treating psychiatrist, and Kathleen Erwin,[6] Plaintiff's treating therapist, jointly authored an opinion as to Plaintiff's mental health limitations. PageID 1017-19. Dr. Agarwal and Ms. Erwin opined that Plaintiff exhibited personality change, mood disturbances, emotional lability, paranoia or inappropriate suspiciousness, difficulty thinking or concentrating, hostility, and irritability. PageID 1017. They opined that Plaintiff's prognosis was "limited improvement" and that "pain increases depression which affects motivation which increased depression that may be experienced as increased physical pain." As a result, they opined Plaintiff would be absent from work more than three times a month and would be distracted by her impairments two-thirds of an eight hour workday (which would render her disabled). PageID 1018-19.

After declining to assign the opinion controlling or deferential weight, the ALJ reasonably assigned the opinion "little weight." PageID 83. The ALJ stated that Plaintiff did not seek mental health treatment until more than a year after the alleged disability onset date; that treatment records did not demonstrate symptoms so severe as to prevent her from sustaining a regular work schedule; and that the assessment appears largely based on Plaintiff's own subjective complaints, rather than on clinical findings upon examination. *Id.*

---

physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

[6] A therapist, like Ms. Erwin, is not considered an "acceptable medical source" but rather is considered an "other source." 20 C.F.R. § 404.1513(d). "Other source" opinions are not entitled to controlling weight, nor is the ALJ required to give reasons for failing to assign it controlling weight, as that requirement only applies to treating sources. *Id.* However, here Ms. Erwin jointly authored the opinion with acceptable medical source Dr. Agarwal and therefore is subject to the controlling weight analysis. PageID 1017-19.

Like the ALJ's reasonable analysis of Dr. Ranganthan's opinion, the ALJ lengthy, detailed opinion -- read as a whole -- adequately sets forth good reasons as to why the opinion by Dr. Agarwal and Ms. Erwin is not entitled to controlling or deferential weight. The ALJ thus reasonably assigned the opinion "light weight." PageID 81-83. In support, the ALJ noted multiple mental status examinations that were normal. PageID 544-54, 891-904, 1203. Thus, the ALJ's analysis of the opinion by Dr. Agarwal and Ms. Erwin was reasonable, and his conclusion of such opinion is supported by substantial evidence.

### 3. Drs. Mikalov and McKee

Record reviewing physicians Mikalov and McKee both opined that Plaintiff is capable of performing a limited range of light work. PageID 126-55, 174-93. The ALJ assigned these opinions "some weight." PageID 81. The ALJ stated he could not assign more weight to their opinions because "additional evidence submitted at the hearing level and considering the combination of [Plaintiff's] impairments warrants limitation to a reduced range of sedentary work." *Id*. Thus, the ALJ created an RFC which is more restrictive, and therefore advantageous to Plaintiff, than the opinions by Drs. Mikalov and McKee. *Id.*

Plaintiff argues the ALJ performed the wrong analysis by analyzing the opinions of Drs. Mikalov and McKee against the RFC he created instead of comparing the opinions against the other medical evidence of record. PageID 1543-44. However, despite stating these opinions are given some weight "to the extent that are consistent with the [RFC created]," the ALJ was considering medical evidence of record, non-medical evidence -- Plaintiff's testimony at the hearing -- and made a reasonable analysis in assigning only "some weight" to these opinions. *Id.* As a result, the ALJ's reasonable analysis of these opinions is supported by substantial evidence.

Assuming arguendo the ALJ applied the wrong analysis -- which the undersigned finds he did not -- because his RFC determination was more restrictive than the opinions expressed by Drs. Mikalov and McKee, the ALJ's departure from their opinions was, at most, harmless error. PageID 75; s*ee Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 657-61 (6th Cir. 2009) (finding harmless an ALJ's error that did not prejudice the Plaintiff). Thus, the ALJ's analysis of the opinion by Drs. Mikalov and McKee are supported by substantial evidence.

Based upon the foregoing, the undersigned finds the ALJ's assessment of all medical source opinions supported by substantial evidence. As a result, the undersigned finds the Plaintiff's error in this regard is without merit.

### B. ALJ Played Doctor

Plaintiff next alleges the ALJ erred by played doctor in interpreting raw medical data; namely, Plaintiff's MRIs and x-rays. PageID 1543-44.

An ALJ -- not a physician -- ultimately determines a claimant's RFC. 42 U.S.C. § 423(d)(5)(B); *see also Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009) ("Although physicians opine on a claimant's [RFC] to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner."); 20 C.F.R. § 404.1546(c). An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

Rather than "play[ing] doctor," the ALJ appropriately relied here on medical opinions and other relevant evidence to support each and every limitation determined in the RFC. PageID

78. The ALJ did not interpret "raw medical data" to find that Plaintiff could engage in a restricted range of light work, but instead relied on the specific opinion of Dr. Ranganathan and his review of the radiologist's reports interpreting the MRIs and x-rays. PageID 78, 1060-65, 1080-81, 1104.

Thus, the ALJ did not play doctor and Plaintiff's second error is without merit.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date: February 27, 2018          s/ Michael J. Newman
                                                                  Michael J. Newman
                                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).